**BRYAN CAVE LEIGHTON PAISNER LLP**
Keith D. Klein (CA Bar No. 184846)
keith.klein@bclplaw.com
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Merrit M. Jones (CA Bar No. 209033)
merrit.jones@bclplaw.com
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070
Telephone: (415) 675 3400
Facsimile: (415) 675 3434

Attorneys for Defendant International Coffee & Tea, LLC

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| LIZETTE FISHER, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL COFFEE & TEA, LLC, a limited liability company, DOES 1-100, inclusive,<br><br>Defendants. | Case No. **'23CV1816 L    DDL**<br><br>[San Diego County Superior Court Case No. 37-2023-000037152-CU-BT-CTL]<br><br>**DEFENDANT INTERNATIONAL COFFEE & TEA, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Declaration of Sanjiv Razdan, Declaration of Merrit Jones] |

NOTICE OF REMOVAL ACTION TO FEDERAL COURT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, THE PLAINTIFF, AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant International Coffee & Tea, LLC ("ICT") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, based on the following grounds. First, the action is removable under the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. Second, as a separate and independent basis for removal, the action is removable pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

The grounds for removal are set forth in further detail below.

## I.    CLAIMS ASSERTED IN COMPLAINT

1. On August 28, 2023, Plaintiff Lizette Fisher ("Fisher" or "Plaintiff"), on behalf of herself and others similarly situated, filed a Class Action Complaint ("Compl.") in the Superior Court of California, County of San Diego (the "State Court Action"), Case No. 37-2023-00037152-CU-BT-CTL. Fisher is the named Plaintiff in the State Court Action.

2. Plaintiff seeks to certify a California class consisting of: "All persons who are citizens of the State of California and who purchased Defendants goods/products in the state of California, during the time period from August 29, 2019 to the date of Certification by the Court (the "Class"). Compl. ¶ 25.

3. Plaintiff asserts claims for violation of (1) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.,* and (2) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17500, *et seq*

4.      In her Complaint, Plaintiff alleges that ICT misled her and others about its sustainability practices.  Compl. ¶ 15.  Specifically, Plaintiff challenges ICT's statements that:

> "Coffee Bean and Tea Leaf is proud of its commitment to quality and sustainability."

Compl. ¶ 2, Ex. A.

> "As native Californians, we have always cared deeply about conservation and sustainability. As an organization, we have implemented many practices to reduce waste and contribute to a healthier, happier world. We believe sustainability is a chance for all of us to make better daily choices. … For us, practicing sustainability isn't just good business – it's the right thing to do."

*Id.* ¶ 3, Ex. B.

> "We nurture long lasting relationships with our growers. We support their Earth-friendly growing practices and social responsibility standards, particularly the conscientious way they treat their workers and families."

*Id.* ¶ 4, Ex. C.

> "We travel to family-owned farms around the world to help the finest 1% of Arabica beans fulfill their dreams of calling California home."

*Id.* ¶ 4, Ex. C.  Plaintiff alleges that through this last statement, "Defendants [sic] falsely allege each of their coffee suppliers is a "family-owned farm."  *Id.* ¶ 4.

5.      Plaintiff does not allege that she read and relied on any particular statement in purchasing any particular ICT product, but instead asserts that she brings this action "against all of Defendants goods and/or products."[1]  *Id.* ¶ 15.

6.      Plaintiff seeks injunctive relief, equitable relief, compensatory damages, punitive damages and attorneys' fees and costs.  Compl. Prayer for Relief.

///

///

///

---

[1]    Fisher avers generally that "after reviewing the referenced misrepresentations," the following products were purchased: "*inter alia,* 'coffee pods' (including '24 single-serve cups of French Vanilla,' and '24 single-serve cups of Organic Espresso') and ground coffee." *Id.*, ¶15.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

## II.     BASIS FOR REMOVAL

### A.     CAFA Jurisdiction Under 28 U.S.C. § 1332(d).

7.     This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA")). Federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant"; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more.  28 U.S.C. § 1332(d)

### i.     Diversity Exists Between Plaintiff and ICT.

8.     Plaintiff alleges that she is a citizen of the State of California.  Compl. ¶¶ 6, 14.

9.     For diversity purposes, a limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)

10.     ICT is a California limited liability company composed of only one member:  International Coffee & Tea Holdings, LLC.  Declaration of Sanjiv Razdan in Support of International Coffee & Tea, LLC's Notice of Removal (Razdan Decl.) ¶ 2.

11.     International Coffee & Tea Holdings, LLC is a Delaware limited liability company composed of only one member:  Super Magnificent Coffee Company Hungary Kft. (SMCC).  Razdan Decl. ¶ 3.

12.     SMCC is a Hungarian company whose headquarters and principal place of business is in Budapest. Razdan Decl. ¶ 4.

NOTICE OF REMOVAL ACTION TO FEDERAL COURT

13.     Because SMCC is a citizen of Hungary, International Coffee & Tea Holdings, LLC —ICT's only member—is a citizen of Hungary as well.  Therefore, ICT is a citizen of Hungary for diversity purposes.

14.     When establishing removal jurisdiction under 28 U.S.C. section 1332, the citizenship of fictious defendants is disregarded.  *See* 28 U.S.C. § 1441(a).

### ii.     The Putative Class Has More Than 100 Members.

15.     CAFA requires that the number of putative class members be no less than 100.  28 U.S.C. § 1332(d)(5)(B).  That requirement is satisfied here.

16.     Plaintiff brings her action on behalf of all "persons who are citizens of the State of California and who purchased [ICT's] goods/products in the State of California" during the specified time period (August 29, 2019, to certification of a class).  Compl. ¶ 25.  Plaintiff alleges that the putative class is "made up of thousands of persons throughout California."  *Id.* ¶ 26.

### iii.     The Amount in Controversy Exceeds $5 Million.

17.     "Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).  This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007).  "The amount of controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

18.     Under CAFA, the amount in controversy is determined by aggregating the claims of all individual class members.  28 U.S.C. § 1332(d)(6).

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

19. ICT denies that Plaintiff or any member of the putative class are entitled to any damages and reserves all rights to contest that method by which Plaintiff intends to calculate damages. However, the matter in dispute exceeds the amount in controversy required by 28 U.S.C. section 1332(d)(2), even excluding interests and costs.

20. On behalf of herself and the putative class, Plaintiff seeks to recover, among other things, "compensatory and punitive damages in amounts to be determined," "prejudgment interest on all amounts awarded," "an order to correct, destroy, and change all false and misleading labeling and website terms relating to the claims," "an order of restitution, disgorgement of profits, and all other forms of equitable monetary relief," "injunctive relief," and "reasonable attorneys' fees and expenses and costs of suit." Compl. Prayer for Relief. At issue in this action are all of ICT's "goods/products" purchased in the State of California between August 29, 2019 and certification of a class. Compl. ¶ 25.

21. The many remedies sought by plaintiff above include "restitution" to herself and the class of all of ICT's goods/products sold in California from August 29, 2019 through the cate of certification. Compl. ¶ 25, Prayer. Upon a preliminary review of its records, ICT has calculated that during the class period, the gross sales amount of all its goods and products sold in California since August 29, 2019, was well over CAFA's $5 million amount in controversy requirement. Razdan Decl. ¶ 5. The amount is thus satisfied even without considering Plaintiff's requests for punitive damages, prejudgment interest, or attorneys' fees and costs.

**B.**    **Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

22. This Court also has original jurisdiction over this action via traditional diversity jurisdiction under 28 U.S.C. section 1332(a).

**i.**    **Complete Diversity Exists Between Plaintiff and ICT.**

23. As explained above, ICT and Plaintiff are citizens of different states, and the diversity requirement is met.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070

NOTICE OF REMOVAL ACTION TO FEDERAL COURT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

### ii.    The Amount in Controversy Exceeds $75,000

24.    As set forth more fully below, the Court can reasonably ascertain from the Complaint and Plaintiff's Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.

25.    The Ninth Circuit has held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Here, Plaintiff seeks to recover, among other things, "compensatory and punitive damages in amounts to be determined," "an order of restitution, disgorgement of profits, and all other forms of equitable monetary relief," "injunctive relief," "prejudgment interest on all amounts awarded," and "reasonable attorneys' fees and expenses and costs of suit." Compl. Prayer for Relief.

26.    In determining the amount in controversy, a court may consider special and general compensatory damages, punitive damages, and attorney fees. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). Statutory damages and civil penalties are also counted toward the amount in controversy. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (statutory damages and civil penalties should be considered when calculating the amount in controversy for diversity jurisdiction); *see also Saulic v. Symantec Corp.*, No. SACV 07-610 AHSPLAX, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff.").

27.    The cost of complying with injunctive relief may be considered in determining the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016) (The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.").

NOTICE OF REMOVAL ACTION TO FEDERAL COURT

28.     Here, Plaintiff seeks, among other things, "an order to correct, destroy, and change all false and misleading labeling and website terms relating to the claims." Compl. Prayer for Relief. Although Plaintiff does not specifically identify the products on which the challenged claims appear, and brings this action "against all of Defendants goods and/or products," the cost of correcting, destroying and changing the labeling on the products on which the challenged claims appear will exceed $75,000. Razdan Decl. ¶ 6.

*29.*     Attorneys' fees may also be considered in determining the amount in controversy. *Gonzales*, 840 F.3d at 649. (The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes."). Attorneys' fees are recoverable to a prevailing plaintiff in certain cases impacting the public interest under Cal. Civ. Proc. Code § 1021.5, which Plaintiff argues applies here. Compl. Prayer for Relief.

30.     In class actions, courts in this district routinely grant requested rates at $300 and above. *See, e.g., United States v. Prism Autism Found.*, No. 3:19-CV-00043-W-BLM, 2022 WL 5264493, at *3 (S.D. Cal. Oct. 6, 2022) ("Courts in this district have 'held a range of rates from $450–$750 per hour to be reasonable for a senior partner' . . . hourly rates of $550 per hour or higher reasonable for attorneys with partner level experience . . . [and] "associate rate of $300 an hour [and above] is also reasonable for this district.") (citing cases).

31.     Here, while the attorneys' fees cannot be precisely calculated, there can be no doubt that a class action will require considerable effort from Plaintiff's counsel. Even at an assumed rate of $300 per hour for only one attorney,[2] Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorneys' fees (250 x $300 = $75,000).

_____

[2] Plaintiff's complaint names three attorneys.

7

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

32.     Attorneys' fees in other class action cases involving false advertising and unfair competition claims routinely eclipse $75,000.  *See, e.g., Hilsley v. General Mills, Inc.*, 2020 Jury Verdicts LEXIS 364823 (S.D. Cal. 2020) (awarding $725,000 in attorneys' fees and costs in action alleging, among other things, unfair competition and false advertising under California law); *Hanson v. Welch Foods*, 2021 Jury Verdicts LEXIS 21512 (N.D. Cal 2021) (awarding $375,000 in attorneys' fees and costs in action alleging, among other things, unfair competition and false advertising under California law.

33.     Though Plaintiff's compensatory and punitive damages cannot be calculated, they will certainly be more than nominal.  At the minimum, those potential damages help establish by a preponderance of the evidence that the amount in controversy in this matter will exceed $75,000 exclusive of interest and costs.  ICT has satisfied its burden that the amount in controversy in this matter exceeds the jurisdictional minimum.

## III.   PROCEDURAL REMOVAL REQUIREMENTS ARE SATISFIED

34.     The Superior Court of the State of California, County of San Diego is in the Southern District of California.  Therefore, venue is proper in the Southern District of California under 28 U.S.C. sections 84(a), 1391, and 1446.

35.     In accordance with 28 U.S.C. section 1446(d), counsel for ICT will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego and will serve notice of the same on counsel for Plaintiff.  This Notice is signed by counsel for and on behalf of ICT as required by Rule 11 of the Federal Rules of Civil Procedure.

36.     In compliance with 28 U.S.C. section 1446(a), attached with this Notice as Exhibit A are copies of all state-court papers served herein, including the Summons and Complaint.  ICT is informed and believes that this constitutes all pleadings, process, and orders in this action at the time of removal.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070

37.     This action does not fall within any exception to CAFA's removal jurisdiction.  See 28 U.S.C. §§ 1332(d), 1453.  Plaintiff has the burden of proving otherwise.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

38.     This Notice of Removal is timely filed within thirty days of service of Plaintiff's complaint.  *See* 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c).  ICT was served on September 1, 2023.  The thirty-day period runs through October 2, 2023, by operation of Federal Rule of Civil Procedure, Rule 6 (extending time to "the next day that is not a Saturday, Sunday, or legal holiday").

39.     By removing, ICT does not concede or make any admission relating to the merit and/or value of Plaintiff's allegations, claims, or damages. Defendants deny the material allegations contained in the State Court Petition, generally and specifically.

## IV.    **CONCLUSION**

For the foregoing reasons, ICT requests that this action be removed to this Court, that all further proceedings in the state court action be stayed, and that ICT obtain all additional relief to which it is entitled.

Dated:  October 2, 2023            **BRYAN CAVE LEIGHTON PAISNER LLP**
                                   Keith D. Klein
                                   Merrit M. Jones

                                   By:  */s/ Merrit M. Jones*
                                        Merrit M. Jones
                                        Attorneys for Defendant
                                        International Coffee & Tea, LLC

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERNATIONAL COFFEE & TEA, LLC, a Limited Liability Company with a principal place of business in California, and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LIZETTE FISHER, an Individual on behalf of herself and all others similarly situated and the general public

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/29/2023** at 01:06:00 PM

Clerk of the Superior Court
By Gabriel Lopez, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Superior Court

Hall of Justice, 330 West Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2023-00037152-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric K. Yaeckel, 2330 Third Ave, San Diego, CA 92101; (619) 702-6760

| DATE: | 08/30/2023 | Clerk, by | G. Lopez | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* International Coffee & Tea, LLC a limited liability company with a principal place of business in
   under: ☐ CCP 416.10 (corporation)  Florida    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**Exhibit A Page - 1**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric K. Yaeckel [CSB No. 274608]<br>SULLIVAN & YAECKEL LAW GROUP APC, 2330 Third Avenue, San Diego, CA 92101<br>　TELEPHONE NO.: 619-702-6760　　FAX NO. *(Optional):* 619-702-6761<br>　E-MAIL ADDRESS: yaeckel@sullivanlawgroupapc.com<br>ATTORNEY FOR *(Name):* Plaintiff LIZETTE FISHER | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/28/2023** at 04:43:05 PM<br>Clerk of the Superior Court<br>By Angelika Cazares,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CASE NAME:
LIZETTE FISHER v. INTERNATIONAL COFFEE & TEA, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2023-00037152-CU-BT-CTL<br>JUDGE:<br>DEPT.:　Judge Matthew C. Braner |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is　[ ] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Two Causes of Action pursuant to Labor Code section 2698, et seq.
5. This case [x] is　[ ] is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8-28-23

ERIC K. YAECKEL
_____
(TYPE OR PRINT NAME)

▶ *Eric Yaeckel*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**Exhibit 2**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**Exhibit A Page – 3**

1   Eric K. Yaeckel [CSB No. 274608]
    yaeckel@sullivanlawgroupapc.com
2   Ryan T. Kuhn [CSB No. 324538]
    ryan@sullivanlawgroupapc.com
3   Karoline D. Kitlowski [CSB No. 349692]
    karolinc@sullivanlawgroupapc.com
4
    **SULLIVAN & YAECKEL LAW GROUP, APC**
5   2330 Third Avenue
    San Diego, California 92101
6   (619) 702-6760 * (619) 702-6761 FAX
7
    Attorneys for Plaintiff LIZETTE FISHER, an Individual on behalf of herself and all others similarly
8   situated and the general public

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/28/2023** at 04:43:05 PM

Clerk of the Superior Court
By Angelika Cazares, Deputy Clerk

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **COUNTY OF SAN DIEGO**

13   LIZETTE FISHER, an Individual on      )   CASE NO.: 37-2023-00037152-CU-BT-CTL
     behalf of herself and all others similarly   )
14   situated and the general public,         )   **(*Proposed*) CLASS ACTION COMPLAINT**
                                              )
15                Plaintiffs,                 )   **1.   VIOLATION  OF  CALIFORNIA**
                                              )        **BUSINESS & PROFESSIONS CODE**
16   v.                                       )        **§17500, et seq., and**
                                              )
17                                            )
     INTERNATIONAL COFFEE & TEA,              )   **2.   VIOLATION  OF  CALIFORNIA**
18   LLC, a Limited Liability Company with a  )        **BUSINESS & PROFESSIONS CODE**
19   principal place of business in California,   )        **§17200, et seq.**
     and DOES 1-100, inclusive               )
20                                            )
                                              )
21                Defendants                  )

22

23

24

25

26

27

28

COMES NOW Plaintiff, LIZETTE FISHER, an Individual on behalf of herself and all others similarly situated and the general public, and hereby alleges as follows:

Plaintiff LIZETTE FISHER ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant INTERNATIONAL COFFEE & TEA, LLC (hereinafter "Defendant," or "ICT"). The allegations in this Complaint, stated on information and belief, have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

1.      Plaintiff files this class action lawsuit on behalf of herself and all similarly situated persons who are citizens of California, and purchased Defendants products (that are branded, manufactured, distributed, marketed and/or sold by Defendants) in the state of California.

2.      This matter involves "Corporate Greenwashing," and alleges several separate misrepresentations, each of which are meant to mislead the public (including the Plaintiff) to believe that the Defendants manufacture and/or supply process actually benefits, or does not harm, the environment and ecosystem(s). For example, Defendants labeling directly advertise that they employ "Sustainability" practices. Specifically, Defendants labeling advertise as follows: **"Coffee Bean and Tea Leaf is proud of its commitment to** quality and **sustainability**." (Please see **Exhibit A**).

3.      As a *second* example, Defendants advertise "As native Californians, **we have always cared deeply about** conservation and **sustainability**. As an organization, we have implemented many practices to reduce waste and contribute to a healthier, happier world. **We believe sustainability is a chance for all of us to make better daily choices**...." Further, "For us, **practicing sustainability** isn't just good business - it's the right thing to do." (Please see **Exhibit B**).

-1-

**Exhibit A Page - 5**

4.      As a *third* example, Defendants labeling directly advertises as follows:"We nurture long lasting relationships with our growers. **We support** their **Earth-friendly growing practices and social responsibility standards,** particularly the conscientious way they treat their workers and families." Further, Defendants falsely allege each of their coffee suppliers is a "**family-owned farm.**" (Please see **Exhibit C**).

5.      In actuality, the products, growers, and goods are causing severe harm to the planet, the environment and ecosystems, and to Defendants neighbors and communities. Further, Defendants0coffee suppliers are not all family-owned farms.

## THE PARTIES

6.      Plaintiff is a citizen of the state of California, and resides in the county of San Diego. Plaintiff has purchased Defendants products regularly and thereby adversely altered her position in an amount equal to the amount she paid for the Defendants products. Plaintiff and the Proposed Class would not have purchased or paid a premium for the Defendants products had they known that the claims were false, deceptive and misleading.

7.      Defendant INTERNATIONAL COFFEE & TEA, LLC is registered with the California Secretary of State as a Limited Liability Company with its principal place of business located in the state of California.

8.      The true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

**Exhibit A Page - 6**

9.      On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendants and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

10.     On information and belief, Plaintiff alleges that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

11.     On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. Defendants' officers, directors, and high-level employees caused products to be sold with knowledge or reckless disregard that the statements and representations concerning the products were false and misleading.

12.     Plaintiff is informed and believes, and thereon alleges, that the Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this matter in that all parties are citizens of, or do business and have their Headquarters and principal place of business within, the state of California and the amount in controversy exceeds the statutory minimum limit of this Court. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. Furthermore, there is no federal question at issue as the operative allegations all solely involve state (and not federal) law.

14.     Plaintiff is a citizen of the state of California and subject to the personal jurisdiction of this Superior Court. Further, Plaintiff purchased the Defendants goods within San Diego County. Defendants Headquarters and principal place of businesses are in California, and because Defendants conduct business in San Diego County, California and otherwise intentionally avail themselves of the markets in San Diego County, jurisdiction is proper.

## FACTUAL BACKGROUND

15.     This matter involves certain misrepresentations regarding (among other misrepresentations) "sustainability." As Defendants do not limit, or constrain, the misrepresentations to any individual or specific product, Plaintiff brings this claim against all of Defendants goods and/or products. However, the specific goods/products that were purchased after reviewing the referenced misrepresentations include *inter alia*, "coffee pods" (including "24 single-serve cups of French Vanilla," and "24 single-serve cups of Organic Espresso") and ground coffee (hereinafter the"goods" and/or "products"). The products are manufactured, packaged, marketed, distributed and sold by the Defendant by and through various methods, including via supermarket chains and retail stores throughout California.

16.     Plaintiff has purchased Defendants goods/products regularly based on said misrepresentations, and thereby adversely altered her position in an amount equal to the amount she paid for the Defendants' goods/products. Plaintiff and the Proposed Class would not have purchased (or would not have paid a premium for) the Defendants products had they known that, for example, the "sustainability" claims were false, deceptive and misleading.

17.     As more specifically set forth below, Defendants claims are widely disseminated on Defendants packaging and labeling, website, and/or through other written and internet publications.

18.     At all relevant times, Plaintiff believed that she was purchasing Defendants goods that were "sustainable," were grown and manufactured in a manner consistent with Defendants

-4-

**Exhibit A Page - 8**

representations, and that were manufactured in a custom and manner in which Defendants would sustain (*i.e.* to maintain at the current level, and/or not adversely impact) the forests, environment and ecosystem, and would not harm or adversely affect its neighbors and/or community. Further, Plaintiff believed she was purchasing goods and/or products from entities that were fully-compliant with California law. Plaintiff would not have continued to purchase the products, or would have purchased them but at a lesser price, absent the misleading statements and misrepresentations made by Defendants. Please see specific examples of Defendants' false, untrue and misleading representations, below.

### The "Sustainability" Claims

19.    Defendants display claims that they employ "sustainability" directly on their labeling and packaging, on its website, and within its marketing tools and devices. (Please see **Exhibit A - B**).

20.    Defendants also advertise "As native Californians, **we have always cared deeply about** conservation and **sustainability**. As an organization, we have implemented many practices to reduce waste and contribute to a healthier, happier world. **We believe sutainability is a chance for all of us to make better daily choices**...." Further, "For us, practicing sustainability isn't just good business - it's the right thing to do." (Please see **Exhibit B**).

21.    In actuality, the Defendants products are not "Sustainable," and actually cause harm to the environment and ecosystems.

### The "Protecting Our Growers" Claims

22.    Defendants labeling directly advertises as follows:"We nurture long lasting relationships with our growers. We support their Earth-friendly growing practices and social responsibility standards, particularly the conscientious way they treat their workers and families."

Further, Defendants falsely allege each of their coffee suppliers is a "family-owned farm." (Please see **Exhibit C**).

23.     In actuality, the products, growers, and goods are causing severe harm to the planet, the environment and ecosystems, and to Defendants neighbors and communities.

### PRIVATE ATTORNEYS GENERAL ALLEGATIONS

24.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to California Business & Professions Code § 17200, et seq. The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting natural claims and the disgorgement of all profits and/or restoration of monies wrongfully obtained through the Defendants' pattern of unfair and deceptive business practices as alleged herein. This private attorneys general action is necessary and appropriate because Defendants have engaged in wrongful acts described herein as part of the regular practice of its business.

### CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to California law.

> All persons who are citizens of the State of California and who purchased Defendants goods/products in the state of California, during the time period from August 29, 2019 to the date of Certification by the Court (the "Class").

Excluded from the Class are Defendants, as well as their officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Defendants. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

-6-

26.     The Class is made up of thousands of persons throughout California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class is sufficiently numerous because, based on information and belief, thousands to hundreds of thousands of units of the Products have been sold in the state of California during the time period from August 29, 2019 to the date of Certification by the Court (the "Class Period").

27.     There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

a. Numerosity: The members of the Class are so numerous that any form of joinder of all members would be unfeasible and impractical. On information and belief, Plaintiff believes the size of the Class exceeds One Hundred Thousand (100,000) members.

b. Typicality: Plaintiff is qualified to and will fairly and adequately protects the interests of each member of the Class with whom she has a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the Class.

c. Adequacy: Plaintiff does not have a conflict with the Class and is qualified to and will fairly and adequately protect the interests of each member of the Class with whom she has a well-defined community of interest and typicality of claims. Plaintiff acknowledges that she has an obligation to the Court to make known any relationship, conflict, or difference with any putative class member. Plaintiff's attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement, and

have been previously designated, by California state courts, as "Class Counsel" on at least 80 prior occasions.

d. Superiority: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

28.    Common questions of law and fact exist, that predominate over questions that may affect individual class members. Common questions of law and fact include, but are not limited to, the following:

a.    Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, et seq.;

b.    Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, et seq.;

c.    Whether Defendants made false and misleading representations in the advertising and/or packaging of the products;

d.    Whether Defendants knew or should have known that the "sustainability" claims and representations were false;

e.    Whether Defendants represented that their products have characteristics, benefits, uses, or quantities which they do not have;

f.    Whether Defendants' representations regarding their products are false;

g.    Whether Defendants warranted the health and wellness of their products by virtue of their claims;

h.    Whether the Defendants breached warranties regarding their products;

-8-

**Exhibit A Page - 12**

i.    Whether the Defendants committed statutory and common law fraud; and

j.    Whether Defendants' conduct as alleged herein constitutes an unfair and/or unlawful business act or practice within the meaning of Business and Professions Code section 17200, et seq.

29.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

30.    Plaintiff and the Class have suffered injury in fact, and have lost money, as a result of Defendants' misrepresentations. Plaintiff purchased Defendants products under the belief that they were made employing "sustainability." Plaintiff relied on Defendants' labeling, marketing and website and would not have purchased the products or paid a premium for them if she had known that they did not have the characteristics, benefits, or qualities as represented vis-à-vis the claims.

31.    The Defendants' misrepresentations regarding the Claims were material insofar as consumers relate to "environmentally friendly,"and "sustainability" practices, and tend to be willing to pay a price premium for foods that employ such policies and/or practices. The Defendants are aware of consumer preference for such products, and have implemented a strategic false advertising and marketing campaign intended to deceive consumers into thinking that they employ such policies and practices.

32.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for class members to prosecute their claims individually.

33.    The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and

1   provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive

2   supervision by a single court.

3

4   34.   Defendants have acted on grounds generally applicable to the Class as a whole,

5   thereby making final injunctive relief and/or corresponding declaratory relief appropriate with

6   respect to the Class as a whole. The prosecution of separate actions by individual class members

7   would create the risk of inconsistent or varying adjudications with respect to individual members of

8   the Class that would establish incompatible standards of conduct for the Defendants.

9   35.   Absent a class action, Defendants are likely to retain the benefits of their wrongdoing.

10   Because of the small size of the individual class members' claims, few, if any, class members could

11   afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the

12   class members will continue to suffer losses and Defendants will be allowed to continue these

13

14   violations of law and to retain the proceeds of their ill-gotten gains.

15   36.   Were it not for this class action, most class members would find the cost associated

16   with litigating claims extremely prohibitive, which would result in no remedy.

17

18   37.   This class action would serve to preserve judicial resources, the respective parties'

19   resources, and present fewer issues with the overall management of claims, while at the same time

20   ensuring a consistent result as to each class member.

21   **FIRST CAUSE OF ACTION**

22   **Violations of California Business & Professions Code §§17500, et seq.**
     **By Plaintiff and the Proposed Class against Defendants**

23

24   38.   Plaintiff hereby incorporates by reference the allegations contained in all preceding

25   paragraphs of this complaint.

26   39.   Pursuant to Cal. Bus. & Prof. Code §§ 17500, et seq., it is "unlawful for any person

27   to make or disseminate or cause to be made or disseminated before the public in this state, ... in any

28   advertising device ... or in any other manner or means whatever, including over the Internet, any

-10-

**Exhibit A Page - 14**

statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

40.    Defendants committed acts of false advertising, as defined by §17500, by making the claims regarding the products because those claims are untrue and/or misleading.

41.    Because the Defendants have been made aware of the lack of a "sustainable" aspect to its practices, Defendants knew or should have known through the exercise of reasonable care, that the practices, and statements, were false, untrue and misleading to Plaintiff and class members.

42.    Defendants' actions in violation of § 17500 were untrue and misleading such that the Plaintiff, the Proposed Class and the general public are and were likely to be deceived by the untrue and/or misleading statements.

43.    Plaintiff and the Proposed Class Members lost money or property as a result of Defendants' false advertising violations, because they would not have purchased, or would not have paid a premium, for their products if they had not been deceived by the claims.

**SECOND CAUSE OF ACTION**
**For Violation Cal. Bus. & Prof. Code § 17200, et seq. By Plaintiff**
**and Proposed Class against Defendants**

44.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.    Plaintiff is a direct victim of Defendants' illegal and/or unfair business acts and practices referenced in this complaint, has lost money as a result of such practices, and brings this action both in her individual capacity and on behalf of Defendants' current and former California-based, nonexempt employees who share a common or general interest in the damages as a result of the illegal and/or unfair practices.

-11-

46.    The approximately 100,000 member class is ascertainable via their experience as California citizens and purchasers of the products, in the state of California. Class members share a community of interest and an injury-in-fact as Defendants have violated California laws, thereby depriving class members of money earned. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

47.    Plaintiff suffered an injury-in-fact pursuant to Business & Professions Code section 17204, and lost money as a result of Defendants' illegal and/or unfair practices. Plaintiff suffered an injury-in-fact pursuant to Business & Professions Code section 17204, and lost money as a result of Defendants' illegal and/or unfair practices. These illegal and/or    unfair practices include, but are not limited to, violations of California Business & Professions Code §§17500, *et seq*. and California Civil Code § 1750, *et seq*. and on Defendants' misleading and deceptive advertising representations regarding "regenerative agriculture," "sustainability," and/or "water reduction/conservation," said mis-representations providing no "countervailing benefit" to consumers.

48.    Plaintiff brings this action on behalf of an ascertainable class who share a community of interest pursuant to Business & Professions Code section 17203 and Code of Civil Procedure section 382 and who share a common or general interest in the damages as a result of the illegal and/or unfair practices, in that those individuals on whose behalf the action is brought have also lost money as a result of Defendants' practices, as set forth above, and that it would be impracticable to proceed as an individual plaintiff action.

49.    Business & Professions Code section 17200 *et seq*. prohibits any unlawful, unfair, or fraudulent business act or practice.

50.    Plaintiff's allegations herein are based upon Defendants' institutional business acts and practices.

-12-

Exhibit A Page - 16

51.     Defendants' acts and practices, as described herein above, are unlawful and unfair, in that they violate California law.

52.     As a direct result of Defendants' unlawful and unfair business acts and practices, Plaintiff and all other class members have been damaged in an amount to be proven. Accordingly, Plaintiff prays for restitution and injunctive damages in an amount to be proven.

53.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' unlawful and unfair business practices, alleged above, are continuing in nature and are widespread.

54.     On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendants to enjoin them from continuing to engage in the illegal conduct alleged herein. On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

55.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays for leave of court to amend this complaint when the amounts are more fully known.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.     For an order certifying the Class;

b.     For an order certifying Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel;

c.     For an order declaring the Defendants' conduct violates the statutes and laws referenced herein;

d.     For an order to correct, destroy, and change all false and misleading labeling and website terms relating to the claims;

e.     For an order finding in favor of Plaintiff, the Class on all counts asserted herein;

-13-

**Exhibit A Page - 17**

f.    For compensatory and punitive damages in amounts to be determined;

g.    For prejudgment interest on all amounts awarded;

h.    For an order of restitution, disgorgement of profits, and all other forms of equitable monetary relief;

i.    For injunctive relief as pleaded or as the Court may deem proper; and

j.    For an order awarding Plaintiff, and the Class, their reasonable attorneys' fees and expenses and costs of suit.

Dated: August 28, 2023                    **SULLIVAN & YAECKEL LAW GROUP, APC**

*Karoline Kitlowski*
_____
Eric K .Yaeckel
Ryan T. Kuhn
Karoline D. Kitlowski
Plaintiff LIZETTE FISHER, an Individual on behalf of herself and all others similarly situated and the general public

-14-

# EXHIBIT A

 **THE COFFEE BEAN & TEA LEAF**

*The Coffee Bean & Tea Leaf®* is proud of its commitment to quality and sustainability. We are pleased to offer you some of the world's finest specialty coffees artfully roasted in a facility powered by green energy.

*The Coffee Bean & Tea Leaf®* est fier de son engagement envers la qualité et la durabilité. Nous sommes heureux de vous offrir quelques-uns des meilleurs cafés de spécialité au monde, torréfiés avec art dans un établissement alimenté grâce à l'énergie verte.

**24** SINGLE-SERVE CUPS
CAPSULES INDIVIDUELLES

COMPATIBLE WITH 2.0 BREWING SYSTEMS
COMPATIBLE AVEC LES SYSTÈMES D'INFUSION 2.0

THIS PRODUCT IS NOT AFFILIATED
WITH KEURIG® INCORPORATED
CE PRODUIT N'EST PAS AFFILIÉ
À KEURIG® INCORPORATED

**Exhibit A Page - 20**

# EXHIBIT B



**Share**

Our Community

# Earth Day Sustainable Practices

04.22.20 • By
The Coffee Bean & Tea Leaf

**Earth Day: The Coffee Bean & Tea Leaf's Sustainable Practices**

We celebrated the first Earth Day on April 22, 1970, and now over a billion people practice and raise awareness for sustainability efforts on this yearly holiday. The ecological knowledge of the population continues to grow as issues like plastic waste, water scarcity, and species extinction threaten our planet's future.

At *The Coffee Bean & Tea Leaf®*, we see every day as an opportunity to make meaningful changes. People like you can help make a difference by following sustainable practices and conserving resources in the comfort of your home.

## What Are Sustainable Practices?

**Sustainable practices** are ways of conducting business and living your life that don't hurt the environment. They are small changes to your daily routine that make a big impact. From turning

lights off to transitioning from bottled water, every new habit safeguards our planet.

# How Does The Coffee Bean Practice Sustainability?

As native Californians, we have always cared deeply about conservation and sustainability. As an organization, we have implemented many practices to reduce waste and contribute to a healthier, happier world. We believe sustainability is a chance for all of us to make better daily choices. From rethinking straws to phasing out plastic cups, we're taking meaningful actions to create solutions together.

We now offer paper straws in several of our locations. On a global scale, we rolled out paper cold cups in Malaysia. We hope to continue this effort across our stores worldwide — after all, why use plastic when paper products can get the job done just as well?

Our stores have been certified "green" by the Green Restaurant Association (GRA) for over a decade. We continue doing the work, establishing recycling programs, and developing more efficient waste management and energy usage systems. For us, practicing sustainability isn't just good business — it's the right thing to do.

# How Can I Practice Sustainability?

There are several lifestyle changes, big and small, that you can incorporate into your daily routine to practice sustainability and do your part to protect your planet. Wondering how to be more sustainable? Try any of the following:

**Eat local when you can**. To transport produce and other fresh foods thousands of miles, distributors burn significant amounts of fossil fuels and use plenty of packaging. Order takeout from restaurants that source their food locally. Try planting your favorite veggies in your yard to create a sustainable garden.

**Recycle coffee grounds**. Don't throw your used coffee grounds at home in the garbage. Instead, you can: sprinkle coffee grounds on the flower beds of hydrangeas or azaleas, mix coffee grounds with baking soda for use as an abrasive cleaner, or add coffee grounds to marinades to help tenderize meat..

**Work from home**. Cozy up on your couch with a cup of Bali Blue Moon Coffee and complete your work in pajamas. Telecommuters cut carbon emissions by consuming less gasoline, waste less paper, and use less electricity compared to workers in an office.

Celebrate Earth Day at home with *The Coffee Bean & Tea Leaf* on Wednesday, April 22. Come together with the community — make your favorite cup of coffee or tea and post on Instagram with how you're honoring Earth Day in the caption. Tag us (@thecoffeebean) to join the conversation. Together, we can find eco-friendly solutions to protect the environment and create a greener planet.

Our Community

# More Like This

# EXHIBIT C



## LITTLE
## BEAN
## LONG
## JOURNEY

We travel to family-owned
farms around the world to help
the finest 1% of Arabica beans
fulfill their dreams of calling
California home.

**HAND ROASTED**
We hand roast our coffee daily
in small batches to create a
traditional, smooth taste profile.
We've done it this way since
1963, when we opened our first
store in Los Angeles, California.

**DIRECT TRADE**
We nurture long lasting relationships
with our growers. We support their
Earth-friendly growing practices and
social responsibility standards,
particularly the conscientious
way they treat their workers
and families.

US Patent # 6,355,732



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7060 | |

| PLAINTIFF(S) / PETITIONER(S): LIZETTE FISHER |
|---|

| DEFENDANT(S) / RESPONDENT(S): International Coffee & Tea LLC |
|---|

| FISHER VS INTERNATIONAL COFFEE & TEA LLC [E-FILE] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00037152-CU-BT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Matthew C. Braner                    Department: C-60

**COMPLAINT/PETITION FILED:** 08/28/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/22/2024 | 11:00 am | C-60 | Matthew C. Braner |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

| SDSC CIV-721 (Rev. 04-21) | NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | Page: 1 |
|---|---|---|

**Exhibit A Page - 26**

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**Exhibit A Page - 27**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00037152-CU-BT-CTL        CASE TITLE: Fisher vs International Coffee & Tea LLC [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Exhibit A Page - 28**

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**Exhibit A Page - 29**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway <br> MAILING ADDRESS:    330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME:    Central | |

| PLAINTIFF(S):    LIZETTE FISHER |
|---|
| DEFENDANT(S): International Coffee & Tea LLC |
| SHORT TITLE:    FISHER VS INTERNATIONAL COFFEE & TEA LLC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE <br> DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br> 37-2023-00037152-CU-BT-CTL |
|---|---|

Judge: Matthew C. Braner                                    Department: C-60

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____    Date: _____

_____        _____
Name of Plaintiff                        Name of Defendant

_____        _____
Signature                                Signature

_____        _____
Name of Plaintiff's Attorney             Name of Defendant's Attorney

_____        _____
Signature                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  08/29/2023                          _____
                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

**Exhibit A Page - 30**