UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZETTE FISHER, individually, and on behalf of others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>INTERNATIONAL COFFEE & TEA, LLC, a limited liability company, and DOES 1-100, inclusive,<br><br>                                    Defendants. | Case No.: 3:23-cv-01816-L-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[ECF No. 6] |

Pending before the Court in this putative consumer class action is Plaintiff Lizette Fisher's ("Plaintiff") motion to remand the action to State court. (ECF No. 6.) Defendant International Coffee & Tea, LLC ("Defendant" or "ICT") filed an opposition and Plaintiff replied. (ECF Nos. 8, 10.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1). For the reasons stated below, the Court GRANTS the motion and REMANDS the case to Superior Court of the State of California for the County of San Diego.

## I. RELEVANT BACKGROUND

Plaintiff filed a complaint in State court against ICT alleging (1) unfair business practices in violation of California Business & Professions Code § 17200 et seq. ("UCL"); and (2) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.. (ECF No. 1 at 15.)  Plaintiff alleges that the advertising of ICT, which owns and operates the chain of retail establishments Coffee Bean and Tea Leaf café, misled her and others about ICT's sustainability and social responsibility practices. (*Id.* at 16-17).

Defendant removed the action to this Court under 28 U.S.C. §§ 1441, 1446, and 1453 alleging diversity pursuant to 28 U.S.C. 1332(d) (the Class Action Fairness Act ("CAFA")) and, alternatively, § 1332(a).  (ECF No. 1 at 2.)  Plaintiff now moves to remand this case back to the Superior Court of the State of California for the County of San Diego.  (ECF No. 6.)

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

## III. DISCUSSION

### A. CAFA Jurisdiction

Defendant first asserts that this Court has jurisdiction pursuant to the CAFA, 28 U.S.C. § 1332(d)(2). The parties dispute whether minimal diversity exists.

### 1. Legal Standard for CAFA Jurisdiction

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).

### 2. Minimal Diversity

The parties dispute whether Defendant can establish minimal diversity. The parties agree on the relevant basic facts. The named Plaintiffs and putative class members are all citizens of California. ICT is an LLC with a principal place of business in California.

Plaintiff contends that under CAFA, an LLC is an "unincorporated association" whose citizenship should be determined among other things by its principal place of business—here, California, pursuant to 28 U.S.C. § 1332(d)(10). (ECF No. 6-1 at 6-7.) Under this interpretation, Defendant could not meet minimal diversity. Defendant responds that CAFA did not alter the longstanding rule under traditional diversity jurisdiction that an LLC's citizenship is determined based on the citizenship of its members. (ECF No. 8 at 11-15.)

For traditional diversity jurisdiction analysis, the principal place of business for an LLC is irrelevant and instead an LLC is a citizen of every state in which its members are citizens of. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, CAFA provides that "an unincorporated association shall be deemed to be a citizen of the state where it has its principal place of business and the State under whose laws it was organized." 28 U.S.C. § 1332(d)(10). The parties dispute whether ICT is an "unincorporated association," and thus whether its citizenship should be determined based on the citizenship of its members.[1]

---

[1] Defendant does not argue that they meet minimal diversity based on the State under whose laws it was organized.

In the Ninth Circuit, whether an LLC is "an unincorporated association" for CAFA purposes under § 1332(d)(10) remains an open question. The only circuit court to address the matter found that LLCs are "unincorporated associations" within the meaning of § 1332(d)(10). *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010). In *Ferrell*, the court reasoned that the Supreme Court has historically treated business entities in two categories: "corporations," which are deemed citizens of the state they are incorporated, and "unincorporated association[s]", which are deemed citizens of the states of their members. *Id.* at 703-04. The *Ferrell* Court found that under this backdrop, CAFA, 28 U.S.C. § 1332(d)(10), modified the citizenship of all business entities that are not corporations. *Id.* In the absence of Ninth Circuit authority on point, the Court finds *Ferrell* persuasive. In enacting CAFA, and adopting the phrase "unincorporated associations," Congress is presumed to have legislated with the understanding of its legal context. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Based on the foregoing, this Court concludes that an "unincorporated association" under CAFA includes an LLC. ICT is therefore a citizen of California for the purposes of minimal diversity. Defendant has not met their burden to show federal jurisdiction under CAFA.

### B. Diversity Jurisdiction

Defendant's failure to establish CAFA jurisdiction does not necessarily preclude federal jurisdiction, as "[f]ederal diversity jurisdiction still exists for other class actions that satisfy the general diversity jurisdiction provision of § 1332(a)." *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007). Defendant argues that diversity jurisdiction exists under 28 U.S.C. § 1332(a). Plaintiff disputes that there is complete diversity of citizenship, and that the amount in controversy is met.

#### 1. Legal Standard for Traditional Diversity Jurisdiction

Traditional diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).

## 2. Complete Diversity of Citizenship

Diversity jurisdiction under § 1332(a) requires complete diversity of citizenship between Plaintiff and Defendant. The complete diversity requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). The parties do not dispute that the named Plaintiff and all putative class members are citizens of California. Therefore, complete diversity exists if Defendant is not a citizen of California.

As an LLC, Defendant is a citizen of every state in which its members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018). Defendant contends that its sole member is International Coffee & Tea Holdings, LLC ("ICTH"), and ICTH's sole member is Super Magnificent Coffee Company Hungary Kft ("SMCC"), a Hungarian corporation. (ECF Nos. 1-3 (Razdan Dec.), 8 at 14, 8-2 at 2 (Watson Dec.).) In support of this assertion, Defendant provides copies of two "Action by Written Consents," dated September 30, 2023,[2] the first by ICTH, as the sole member of ICT, and the second of SMCC, as the sole member of ICTH. (*See* Watson Dec. Exs. A & B.) Further, California Secretary of State Statement and Designation by Foreign Corporation, dated November 3, 2020, establishes SMCC as a foreign entity. (*See* Watson Dec. Ex. C.)

Plaintiff counters that ICT's membership comprises five individuals, all of whom are based in Los Angeles. (ECF No. 6-1 at 16.) Plaintiff relies on ICT's 2022 statement of information filed with the California Secretary of State, which shows ICTH stricken and lists five individuals. (ECF No. 6-5 at 4.) The statement of information lists these

---

[2] This is two days prior to removal, which took place on October 2, 2023. (*See* ECF No. 1.)

individuals as "Manager(s) or Member(s)." Accordingly, this document does not negate Defendant's evidence that ICT is an LLC with a sole *member* in ICTH.[3] (*Id.*)

Based on the foregoing, Defendant has met their burden to show complete diversity of citizenship.

### 3. Amount In Controversy

Diversity jurisdiction requires an amount in controversy ("AIC") greater than $75,000. *See* 28 U.S.C. § 1332(a). To calculate the amount in controversy, courts will look to the amount at stake in the litigation, including "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). In the context of a putative class action, a party may not aggregate individual damages to reach the $75,000 amount in controversy. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013).

Defendant argues that the cost of complying with Plaintiff's demand for "public injunctive relief" allows them to meet the AIC requirement. (ECF No. 8 at 25.) Defendant argues that as "[p]laintiff's private attorney general demand for injunctive relief would not change or be different if class certification was denied," applying the cost of complying with the injunction would not run afoul of the non-aggregation rule. (*Id.*) This argument is foreclosed by *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir. 1977). In *Snow*, the Court rejected an attempt to include the cost of compliance with an injunction in the AIC when the cost of compliance would affect future sales "to thousands of other individual consumers." *Id.* at 790. The injunction sought to prevent

---

[3] Plaintiff's additional argument that ICT must be a member-managed LLC due to filing requirements for California LLCs that a manager-manager LLC must designate itself as such will not be considered because it is raised for the first time in the reply, thus depriving Defendant of an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court "need not consider arguments raised for the first time in a reply brief"). In the alternative, the Court need not decide this issue because, as discussed below, Defendant has not shown this case meets the amount in controversy requirement.

1  Defendant from selling a towing package without a wiring kit. *Id*. at 788. The Court
2  reasoned that "where the equitable relief sought is but a means through which the
3  individual claims may be satisfied, the ban on aggregation [applies] with equal force to
4  the equitable as well as the monetary relief." *Id*. at 790. The Ninth Circuit rejected the
5  same argument advanced by Defendant here and concluded that "[t]he right asserted by
6  plaintiffs is the right of individual future consumers to be protected from Ford's allegedly
7  deceptive advertising which is said to injure them in the amount of $11.00 each."

8      Here, the cost of compliance with an injunction, which would require Defendant to
9  change and destroy the targeted packaging of coffee beans, is but a means to protect
10 Plaintiff's individual interest in being protected from ICT's allegedly deceptive
11 advertising. That "[p]laintiff's private attorney general demand for injunctive relief
12 would not change or be different if class certification was denied" is immaterial, as the
13 Ninth Circuit has treated non-class action claims under California's private attorney
14 general act as akin to class action claims for purposes of preventing Defendants from
15 aggregating claims. *See Urbino*, 726 F.3d at 1121-22.

16     Defendant's theory of the AIC, centered around the cost of changing all packaging,
17 is precluded by the Ninth Circuit. As they do not assert any other theory to meet the AIC
18 requirement for diversity jurisdiction, Defendant has not carried its burden of establishing
19 that the $75,000 amount in controversy.
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

### IV. CONCLUSION

Because Defendant has not met their burden of establishing federal jurisdiction, the Court GRANTS the motion and REMANDS the case to the Superior Court of the State of California for the County of San Diego. The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: December 11, 2023

_____
Hon. M. James Lorenz
United States District Judge